IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUANE MEDICINECROW,

       Plaintiff,

v.                                                                        CIV 03-1317 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter is before the court on Plaintiff's Motion to Reverse or Remand, where he raises one issue. *Doc. 10.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *Docs. 2, 3.* I have carefully considered the entire record and the parties arguments. I find that Plaintiff's motion should be denied and the decision of the Commissioner affirmed.

       Plaintiff Duane Medicinecrow worked sporadically over the last two decades, primarily as an electrician, with his last job prior to applying for Supplemental Security Income benefits ending in October 1999. *E.g., Administrative Record* ("*Record*") at 16, 100, 132, 142, 175. He first applied in July 2000, claiming that he became disabled as of May 26, 2000 due to abdominal pain. *See id.* at 15, 87-89, 109, 117. That application was not pursued beyond the reconsideration level, which resulted in an unfavorable decision in March 2001. *See id.* at 15, 60, 61, 64, 69, 128-31.

      He next protectively filed his second application in May 2001, alleging the same onset

date, and again initially alleging disability due to abdominal pain. *See id.* at 15, 91-93, 141. He worked for three weeks as an electrician in October 2001, and later alleged that he stopped working because the medication he was taking for the pain made him dizzy and, as a result, he fell from a ladder and fractured fingers. See id. at 38-39, 158-61, 168. He would later add knee pain as a disabling condition. *See id.* at 47-50, 169.

Administrative Law Judge ("ALJ") Gerald R. Cole found that Plaintiff has the residual functional capacity to perform a "wide range" of medium and light work, and the residual functional capacity to perform a "full range" of sedentary work. *Id.* at 23, 25. He denied benefits at Step 5, finding Plaintiff not disabled under Medical Vocational Rule 203.29. *Id.* at 25, 26. After considering additional evidence, the Appeals Council declined review on September 12, 2003, thereby rendering the ALJ's decision final. *Id.* at 6-7.

If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

Plaintiff's only argument is that ALJ Cole erred in relying solely upon the "grids" in light

of medical records that document his complaints of pain and adverse side effects of medications. He contends that the presence of these nonexertional impairments precludes conclusive reliance on the "grids" and that remand is warranted, directing the Commissioner to utilize vocational expert testimony at Step 5. *See Docs. 11, 13.*

In this Circuit, it is well-settled that "[u]se of the grids is precluded *only* when a nonexertional impairment limits a claimant's RFC." *Gallegos v. Apfel,* 3 Fed. Appx. 748, 749 (10th Cir. 2001) (citing *Glass v. Shalala,* 43 F.3d 1392, 1396 (10th Cir. 1994); *see also, e.g., Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995) (ALJ may apply the grids without relying on vocational testimony if ALJ determines claimant has no significant impairments affecting RFC); *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993) (mere presence of nonexertional impairment does not preclude reliance on grids if nonexertional impairment would not impair claimant's ability to work).

Furthermore, a claimant's "inability to work pain-free, standing alone, is not a sufficient reason to find [him] disabled." *Qantu v. Barnhart,* 72 Fed. Appx. 807, 811 (10th Cir. 2003) (citing *Gossett v. Bowen,* 862 F.2d 802, 807 (10th Cir. 1988)). "Subjective testimony that the claimant suffers pain by itself cannot establish a finding of disability. . . . By statute, objective medical evidence must establish an impairment that reasonably could be expected to produce the alleged pain, and statements regarding the intensity and persistence of the pain must be consistent with the medical findings and signs." *Gossett,* 862 F.2d at 806.

ALJ Cole sent Plaintiff to consulting examining physician Dr. Carlyle Schlabach after the hearing. In his opinion, ALJ Cole thoroughly reviewed Plaintiff's medical records, Dr. Schlabach's report and RFC assessment, and considered the credibility of Plaintiff's assertions of

3

wholly debilitating pain and medication side effects.  As Defendant points out in its response, the complaints of pain, nausea, diarrhea, dizziness, and the like, are subjective complaints noted in the medical records, but the medical records do not establish a disabling condition, and ALJ Cole also explained in detail why he found Plaintiff not credible concerning his assertions of wholly debilitating nonexertional conditions.  Plaintiff does not challenge the ALJ's credibility determination and, since he does not, it is a finding to which I defer.  Consequently, reliance on the grids without resort to a vocational expert was not erroneous.  *See, e.g., Young v. Callahan,* 127 F.3d 1110 (10th Cir. 1997) (unreported) ("Further, the record supports the ALJ's determination that plaintiff's complaints of nonexertional limitations, including pain and fainting spells, were not credible.  *See Winfrey v. Chater,* 92 F.3d 1017, 1020 (10th Cir. 1996) (appellate court defers to ALJ's credibility determinations when supported by substantial evidence). Application of the grids, therefore, was appropriate.  *See Glass* [43 F.3d at 1396] (proper for ALJ to rely upon grids, where substantial evidence supported finding that nonexertional impairments did not affect residual functional capacity).

      Wherefore,

      **IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 10)* is DENIED, and the decision of the Commissioner is affirmed.  A final order will enter concurrently herewith.

                                                        _____
                                           UNITED STATES MAGISTRATE JUDGE
                                           Presiding by consent.